**E-FILED**
Thursday, 18 July, 2013  11:33:14 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MICHAEL FLOWERS, | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
|   v. | ) | 13-CV-2118 |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| INC., | ) | |
| | ) | |
|   Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Danville Correctional Center, alleges that the soy in the prison diet is making him sick.   Plaintiff alleges that his "long term consumption of the 'soy based' food . . . has led to a myriad of serious long term medical conditions including but not limited to, painful stomach cramping, constipation, dizziness, migraine headaches, diarrhea, and bleeding from the rectum during bowel movements, and caused this plaintiff to develop a bacteria[l] infection known as H. p[y]lori." (Complaint, pp. 2-3).

The Court cannot rule out a possible Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical need for a soy-free diet.  The Court is aware that many prisoners have filed claims in this District seeking a soy-free diet.  The Court is not aware of any of those cases ending in the prisoners' favor.  See, e.g., <u>Conley v. Keys</u>, 2011 WL 3819437 (C.D. Ill., Judge Shadid)(granting summary judgment for defendants on plaintiff's soy claim)(not reported in F.Supp.2d).  However, at this point, the Court accepts Plaintiff's allegations as true.  Plaintiff should be aware that if he loses this case, costs may be assessed against him pursuant to Fed. R. Civ. P. 54(d), even though he is proceeding in forma pauperis. <u>McGill v. Faulkner</u>, 18 F.3d 456, 458 (7th Cir. 1994)("[T]he rule that indigent prisoners, like anybody else, may be required to reimburse costs others have expended defending the prisoners' unsuccessful suits serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike.").

However, Wexford Health Sources, Inc. will be dismissed.  No plausible inference arises that Wexford has any control over the prison food, or that an unconstitutional practice or policy by Wexford exists regarding the medical treatment of soy intolerance.

A multi-plaintiff case challenging the soy in the prison diet is proceeding before Judge Baker in <u>Harris v. Brown</u>, et al., 07-CV-3225, with dispositive motions due in June 2013. The plaintiff in this case pursues the same or similar claims. The outcome in <u>Harris</u> may moot or modify the plaintiff's claim in this case and may enable the Court to make a more informed decision.  Accordingly, this case will be stayed after Defendants are served.

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim that Defendants are being deliberately indifferent to Plaintiff's medical needs arising from the soy in the prison food or arising from other causes.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      Defendant Wexford Health Sources, Inc., is dismissed.

**3)      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service**

**through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

4)   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)   Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6)   Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was

mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

7)     Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9)     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)   A Rule 16 conference is scheduled for September 30, 2013, at 9:30 a.m. by telephone conference.  The conference will be cancelled if no service issues need discussion.  Accordingly, no writ shall enter at this time.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:   July 18, 2013

FOR THE COURT:

**s/Sue E. Myerscough**

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE